**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFREY E. GREENWAY,

        Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant - Appellee.

No. 08-35964

D.C. No. 2:07-cv-00241-RSM

MEMORANDUM [*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted November 4, 2009
Seattle, Washington

Before: FERNANDEZ, KLEINFELD and CLIFTON, Circuit Judges.

Jeffrey Greenway seeks disability insurance benefits, claiming that he

became disabled by schizophrenia before his disability insurance lapsed on June

30, 1982. The district court affirmed the decision of the Appeals Council, which

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

adopted the ALJ's recommended decision denying benefits. We review *de novo* a district court's order upholding the Commissioner's denial of benefits. See Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001). For the reasons stated below, we affirm.

Greenway argues that the ALJ failed to comply with his duty to fully and fairly develop the record because he did not document his efforts to obtain more of Greenway's medical records from the late 1970s. The record indicates that the ALJ questioned Greenway at length regarding his hospitalization period, and asked him for possible sources of additional medical records. The record also shows that the ALJ made independent (if unsuccessful) efforts to locate additional medical records for Greenway. Thus, the ALJ fulfilled his duty to develop the record. See Widmark v. Barnhart, 454 F.3d 1063 (9th Cir. 2006).

The ALJ's determination that Greenway did not have a medically determinable impairment was supported by substantial evidence in the record. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); Ukolov v. Barnhart, 420 F.3d 1002, 1005-06 (9th Cir. 2005). The available records documenting Greenway's mental health during the relevant period supported theALJ's conclusion that Greenway did not have schizophrenia or any other medically determinable severe impairment for a duration of least twelve months prior to the

date on which his disability insurance lapsed. Although Greenway was found disabled in 1988 for purposes of receiving Supplemental Security Income benefits, the basis for that disability finding is not in the record. Greenway argues that because he was later diagnosed with schizophrenia in the mid-to-late 1990s, the ALJ was required to consult a medical expert to determine the onset date of his schizophrenia. As discussed above, however, Greenway's limited medical records from 1978-1980 do not contain medical evidence supporting a diagnosis of schizophrenia, and there are no medical records available for Greenway from between 1980 and 1996. Greenway himself testified that he did not receive any treatment for mental illness from at least 1980 to 1988. Thus, the administrative law judge was not required to call a medical expert because there were insufficient medical records from which a medical expert could reasonably have drawn the conclusion that Greenway's onset date was prior to the date on which his insurance lapsed in 1982.

**AFFIRMED.**

3